### City of Litchfield v. Elizur Southworth.

1. PRACTICE—*Waiver of Demurrer—Defective Declaration.*—By pleading over, a defendant waives his demurrer and can not assign as error the action of the court thereon; but if the declaration is so defective that it will not support a judgment, the question may be raised by motion in arrest, or on error assigned in a court of appellate jurisdiction.

City of Litchfield v. Southworth.

2. Sewers—*Cities—Due Care in Constructing—Negligence, When Inferred.*—When a city undertakes to build a sewer and compels the abutting property owners to pay the sums assessed against them for that purpose it becomes bound to use due care to so construct the sewer with reference to its size, and fall, and the inlets, that it will carry away the drainage for the designed district, and if, in case of the ordinary annual rainfalls the sewer proves to be insufficient, it may be inferred that there was negligence in the construction of the same.

3. Same—*Extraordinary Floods.*—It does not devolve upon a municipal corporation when constructing a sewer to provide against such extraordinary floods as are not to be expected, but the heavy rains which occur every year, as a general rule, should be expected and provision should be made accordingly.

**Trespass on the Case.**—Damage by sewerage. Appeal from Circuit Court of Montgomery County; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

John P. Gardner, attorney for appellant.

Lane & Cooper, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

This was an action on the case.

The declaration alleged, in substance, that the city constructed a public sewer along the street in front of plaintiff's residence property, at the expense of the owners of abutting property, the assessment against the plaintiff being sixty dollars, which he paid, and that, by permission of the city, he connected a lateral sewer from his premises with said public sewer; that the city, in constructing said public sewer, negligently failed to give it sufficient fall, and permitted too many inlets thereto, so that the sewer was incapable of carrying away the drainage flowing into it, and thereby filthy water and sewage was backed up into the cellar of the plaintiff through his lateral sewer, doing great damage, etc.

A demurrer to the declaration was overruled and then a plea of not guilty was filed. A trial by jury resulted in a verdict for the plaintiff for $225, upon which judgment was

entered, a motion for new trial having been denied. The
city brings the record here by appeal. According to the
evidence the plaintiff was subjected to great annoyance for
three successive years, when, during hard rains, the main
sewer was unable to carry all the water and drainage thrown
into it, and the cellar under plaintiff's house was flooded with
filth.

A valuable well near by was spoiled on the last occasion
and had to be filled up. There is but little doubt that the
plaintiff has been damaged to the amount of the verdict. At
the instance of the city, the jury were instructed that the
city would not be liable if the damages were caused by the
faulty construction of plaintiff's connecting sewer, nor was
it bound to provide against an extraordinary fall of rain, and
if the sewer was large enough, and with sufficient fall and
with inlets of sufficient size and number to carry off the
usual and ordinary falls of rain in the territory designed to
be drained, then the verdict should be in favor of the city.

The jury, therefore, must have found that there was no
fault in the construction of the plaintiff's connecting sewer,
and that the public sewer was not sufficient to drain the
territory designed with the inlets, as provided in time of
ordinary falls of rain. There was evidence upon which the
jury might have so found, and the question is whether, in
such case, the city is liable. It was the case in effect alleged
in the declaration. By pleading over, the city waived the
demurrer and can not assign as error the action of the court
thereon; but if the declaration is so defective that it will
not support a judgment, the question may be raised by mo-
tion in arrest, or on error assigned in a court of appellate
jurisdiction.

When the city undertook to build the sewer and com-
pelled abutting property owners to pay the sums assessed
against them for that purpose, it became bound to use due
care to so construct it with reference to its size, and fall, and
the inlets, that it would carry away the drainage for the
designed district, and if, in case of the ordinary annual rain-
falls, the sewer proved to be insufficient, it might be inferred

that there was negligence in the construction thereof. By the exercise of due care in that behalf the drainage, under ordinary circumstances, could be provided for. It would not devolve upon the city to provide against such extraordinary floods as are not to be expected, but the heavy rains which occur every year, as a general rule, should be expected, and provision should be made accordingly.

In this case, for three successive years, the plaintiff's cellar was flooded, and it is not shown that the rains were in any sense extraordinary.

The jury have settled the questions of fact presented in the case upon evidence which seems to warrant their conclusion, and we find no erroneous ruling of the court contributing to the result.

The judgment will be affirmed.